IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANNA KOBIELA, on behalf of herself, and all other plaintiffs similarly situated, known and unknown, | No. 1:19-cv- |
| Plaintiff, | Honorable Judge |
| v. | Magistrate Judge |
| JONES LANG LASALLE AMERICAS, INC. | *JURY DEMAND* |
| Defendant. | |

**COMPLAINT**

NOW COMES Plaintiff, **DIANNA KOBIELA**, on behalf of herself and all other Plaintiffs similarly situated, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for her Complaint against Defendant, **JONES LANG LASALLE AMERICAS, INC.**, states as follows:

**I.     NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

**II.    JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and are residents of this

district and Defendants are or was engaged in business in this district.

### III. THE PARTIES

3.  Defendant, **JONES LANG LASALLE AMERICAS, INC.** ("JLL" or "Defendant"), located at 200 E. Randolph, Chicago, IL , provides commercial real estate acquisition, investment and management services to clients. Defendant is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.  Plaintiff, **DIANNA KOBIELA** (hereinafter referred to as "Plaintiff"), is a former employee who performed general bookkeeping duties that included, with respect to Defendant's payable and receivable accounts, reconciling journal entries, generating monthly reports and ensuring client payments were processed correctly by banks, under the direction of Defendants' management, and who was compensated as a salary-exempt employee and denied overtime compensation for hours worked in excess of 40 in a workweek. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

5.  All other unnamed Plaintiff known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant and were improperly classified as salary exempt and denied overtime for work in excess of 40 hours in a work week. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

### IV. STATUTORY VIOLATIONS

**Collective Action Under The Fair Labor Standards Act**

6. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

7. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

8. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

### V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

9. Plaintiff, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

10. Plaintiff was employed by Defendant from approximately July 2017 to December 2018.

11. Plaintiff typically worked the following schedule: Monday through Friday, 9:00 a.m. to approximately 7:00 p.m., Saturday for approximately 4 to 6 hours and Sunday for approximately 2 to 3 hours. Plaintiff was required by Defendant to perform substantial work hours outside of the Defendant's offices as a condition of her continued employment

12. During Plaintiff's employment, Defendant paid Plaintiff on an exempt salary compensation plan. The job duties and reporting structures of Plaintiff, and other members of the Plaintiff Class who were similarly improperly classified as salary exempt, did not and do not qualify under any of the salary exemptions established by the FLSA.

13. Plaintiff worked under the constant and exclusive direction of Defendant's management employees.

14. Plaintiff was improperly paid a bi-monthly salary of $60,000 annually. Plaintiff did not receive overtime compensation for hours worked in excess of 40 in a work week.

15. Plaintiff, and members of the Plaintiff Class, worked in excess of forty (40) hours in a workweek without pay for all hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

16. Defendant has, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, required employees to work in excess of forty (40) hours in a workweek without pay for such hours in order to complete necessary deadlines given by management and perform other mandatory job duties as assigned by Defendant.

17. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of

Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

18. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

19. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 19 of this Count I.

20. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek in any week during the two (2) years preceding the filing of this action.

21. Defendant has, during certain times relevant hereto, failed and refused to pay compensation to their employees including the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-21. Paragraphs 1 through 21 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count II.

22. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

23. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one

and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-23. Paragraphs 1 through 23 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of Count III.

24. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

25. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-25. Paragraphs 1 through 25 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 25 of this Count IV.

26. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

27. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages for three (3) years prior to the filing of a Complaint and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

28. Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

29. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-29. Paragraphs 1 through 29 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of this Count V.

30. Plaintiff, and members of the Plaintiff Class, are each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and not exempt from the overtime wage provisions of the CMWO § 1-24-050.

31. Defendant is an "employer" as defined in the CMWO§ 1-24-10.

32. Under § 1-24-040, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours in the three (3) years preceding the filing of this Complaint, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

33. Defendant's failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of § 1-24-040.

34. Plaintiff seeks certification of the Chicago Minimum Wage Ordinance violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b) Statutory damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

*Electronically Filed 05/03/2019*

/s/ John W. Billhorn
_____
John William Billhorn

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.
BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450